IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**OMARI H. PATTON,**

    **Plaintiff,**

**v.**                                                   **Civil Action No. 2:16-CV-10**

**CRYSTAL KIMBLE,**

    **Defendants**

## REPORT AND RECOMMENDATION

On February 9, 2016, the *pro* se Plaintiff, Omari Patton, a federal prisoner, initiated this Bivens complaint alleging that the Defendant, a correctional officer, confiscated his legal papers. On February 10, 2016, the Plaintiff was granted leave to proceed *in forma pauperis* [ECF No. 6], and on February 18, 2016, he paid the required initial partial filing fee. ECF No. 9. On August 24, 2018, the undersigned conducted a preliminary review of the complaint and determined that summary dismissal was not warranted. Accordingly, an Order to Answer was entered [ECF No. 31], and a summons was issued. ECF No. 32. On November 28, 2016, the Defendant filed a Motion to Dismiss or, alternatively, for Summary Judgment. ECF No. 48. A Roseboro Notice was issued on November 29, 2016 [ECF No. 50], and on December 13, 2016, the Plaintiff filed a response in opposition to the Defendant's motions. ECF No. 60. The undersigned now issues this Report and Recommendation.

    **I.**    **BACKGROUND**

The Plaintiff was charged with several counts related to a drug conspiracy in the United States District Court for the Western District of Pennsylvania. A jury convicted the Plaintiff on the conspiracy count and 27 substantive counts. On July 11, 2005, he

1

was sentenced to a term of 360 months to be followed by five years of supervised released. On September 5, 2008, the Third Circuit Court of Appeals affirmed the conviction. Thereafter, the Plaintiff filed a Motion under 28 U.S.C. § 2255 on grounds of ineffective assistance of counsel. The district court denied the motion on August 11, 2010, and declined to issue a certificate of appealability. On October 23, 2012, the Third Circuit affirmed the district court's decision.

On March 4, 2015, the Plaintiff filed a Motion under 28 U.S.C. § 2244 for an order from the Third Circuit authorizing him to file a second or successive application for relief under § 2255. On March 11, 2015, the Third Circuit entered an Order noting that additional documents were required for the Court to consider his application. Accordingly, the Order provided the Plaintiff with 21 days to file: (1) a memorandum, not exceeding 20 pages, which clearly states how the standard of § 2244(b) are satisfied; and (2) the new proposed habeas petition. On March 23, 2015, the Plaintiff filed a letter which was construed as motion to be relieved from the filing requirements of Third Circuit LAR 22.5.[1] On April 9, 2015, the Third Circuit denied the Plaintiff's application for permission to file a second or successive § 2255 motion because he failed to make a prima facie showing that his claims rely on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on

---

[1] Petitioner's letter indicated that on August 21, 2014, he had filed a grievance against BOP employee K. Kimball for sentencing transcripts and partial trial transcripts and other documents needed to properly prepare his habeas motion challenging his sentence pursuant to § 2244(b). Therefore, Petitioner indicated that he was giving the court notice that he was unable to file his petition due to the officer confiscating his legal material. Case No. 14-1555, Document No. 003111918875 (3rd Cir.).

2

collateral review by the Supreme Court that was previously unavailable." Case No. 15-1555, Document No. 00311935271 (3rd Cir. April 15, 2015).

## II.     THE PLEADINGS

### A. The Complaint

The Plaintiff alleges that on August 14, 2014, the Defendant, a housing officer at FCI Hazelton, searched his cell and confiscated a binder containing some of his legal documents.  The Plaintiff contends that the next day, he verbally complained to Lieutenant Williams regarding that search and confiscation.  The Plaintiff further alleges that he later questioned the Defendant regarding the August 14, 2014 search, and the Defendant responded, referencing the Plaintiff's complaints to Lieutenant Williams, "since you want to complain, next time I will make sure I take more."  The Plaintiff continues that on August 19, 2014, the Defendant made a similar statement—"since you guys want to complain I'll take everything"—this time, before the entire L1 housing unit.  Finally, the Plaintiff alleges that on August 20, 2014, the Defendant again searched the Plaintiff's cell and confiscated his sentencing transcripts and part of his trial transcripts.

The Plaintiff alleges that the Defendant's actions violated his First, Fourth, Sixth, and Fourteenth Amendment rights. In addition, the Plaintiff alleges that by taking his sentencing transcript and partial trial transcript, the Defendant significantly impaired his ability to access the court. More specifically, the Plaintiff alleges that the Defendant's actions prevented him from adequately pursuing his application for permission from the Third Circuit to file a second or successive a motion under §2255. For relief, the Plaintiff seeks monetary damages and an order directing the Defendant to return the legal documents that she confiscated.

### B. The Defendant's Alternative Motions

The Defendant argues that she documented both searches and the records reflect that no legal materials were confiscated. Moreover, the Plaintiff filed an administrative complaint which triggered an internal investigation. The investigation revealed that the searches only removed contraband in the form of nude photos from the Plaintiff's cell.

Accordingly, in support of her alternative motions, the Defendant asserts:

(1) Available evidence directly contradicts the Plaintiff's assertion that she confiscated his legal materials, and because the Plaintiff's claims are built on baseless factual allegations, the Court is empowered to dismiss the complaint.

(2) Even if the Plaintiff has pled a cognizable claim, the facts alleged do not establish that the Defendant retaliated against him or violated his constitutional rights.

(3) The Plaintiff has failed to establish that the Defendant violated his constitutional rights, and therefore, she is immune from Bivens liability.

### C. Plaintiff's Reply

In reply to the Defendant's Motions, the Plaintiff alleges that there is a genuine disputed issue of material fact as to the confiscation of his trial and sentencing transcripts. In particular, the Plaintiff alleges that he observed the Defendant confiscate his legal materials and tendered an affidavit from another inmate that he observed the Defendant come out of the cell with a bag which appeared to contain papers and other items. The Plaintiff continues to allege that the Defendant retaliated against him in response to his making a verbal complaint to Lt. Williams regarding the initial confiscation of his legal binder.

### III. STANDARD OF REVIEW

1.      **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations" but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all

the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### 2. Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

### IV.     DISCUSSION

As previously noted, the Defendant has filed a Motion to Dismiss or, in the alternative, for Summary Judgment. The undersigned finds that there are genuine issues of material fact, specifically, whether the Defendant did, in fact, remove a legal binder and the Plaintiff's trial and sentencing transcripts from his cell. Therefore, summary judgment is not appropriate. However, even if the Defendant did remove the items as alleged, the undersigned finds that the Plaintiff's complaint fails to state a claim upon which relief can be granted, and accordingly, this case should be dismissed.

1.     The Plaintiff's "Claim A"—First Amendment/Retaliation

In order to sustain a claim based on retaliation, the Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right". Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Additionally, a plaintiff alleging that a government official retaliated against him in violation of a constitutional right must demonstrate, *inter alia*, that he suffered some adversity in response to his exercise of protected rights. American Civil Liberties Union v. Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993). Therefore, *in forma pauperis* plaintiffs who claim that their constitutional rights

have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 19159e)(2)(B)]" Id.

The Plaintiff asserts that following the first search, the Plaintiff complained to the Defendant's superior.  The Plaintiff argues that his complaints provoked the Defendant to search his cell a second time and confiscate more legal documents.  The second search, the Plaintiff argues, was retaliation for his complaints.  The Plaintiff argues that he has a First Amendment right to complain about the first search and that the Defendant's retaliation violated that right.

However, contrary to the Plaintiff' assertion, the Fourth Circuit has made it clear that a federal inmate's verbal complaints are not constitutionally protected and cannot support a retaliation claim. Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. 2011) (per curiam) (unpublished). In that decision, the Fourth Circuit concluded that Daye was not engaging in constitutionally protected speech when he verbally alerted prison officials to purported racial discrimination in his prison job. Daye's "expression of dissatisfaction was not constitutionally protected" because his verbal complaints "were essentially a grievance." Id. Because a federal inmate has no constitutional right to assert grievances, Daye was not exercising a constitutional right when he verbally complained. Id. Therefore, any alleged retaliation stemming from Day's remarks could not have been the results of his exercising a constitutional right. Id. Accordingly, the Fourth Circuit found that Daye's retaliation claim lacked merit and was properly dismissed. Id.

In the instant case, the Plaintiff, like Daye, verbally complained to a prison staff member. ECF No. 1 at 8. Plaintiff's verbal complaint is essentially a grievance and is not

constitutionally protected.  Therefore, even if Defendant removed additional materials from Plaintiff's cell in "retaliation" for his complaining, Plaintiff was not exercising a constitutional rights, and his allegation fails to state a Bivens claim.

    2.    Plaintiff's "Claim B"—First, Fourth, Sixth and Fourteenth Amendments

The Plaintiff's "Claim B" raises four arguments of constitutional law.  For the reasons discussed below, the undersigned has concluded that none raises a viable claim for relief.

    a.    First Amendment

The Plaintiff argues that his First Amendment right to access the courts was violated when the Defendant retaliated by confiscating his legal documents. An inmate's rights to access the court system is not unlimited. Bounds v. Smith, 430 U.S. 817, 825 (1977). Rather, an inmate is guaranteed "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. "[W]here it is alleged . . . that prison officials confiscated or withheld legal materials or papers and hindered efforts to pursue legal claims, it must also be alleged and shown that the prison officials' conduct actually resulted in the complainant's inability to proceed in Court."  Conrad, 2014 WL 36646 at *13 (citations omitted).

Here, the alleged harm is that the Plaintiff was unable to prosecute his application to the Third Circuit to file a second or successive motion.  However, a second or successive motion must be based on newly discovered evidence or a new rule of Constitutional law.  28 U.S.C. § 2255(h).  The Plaintiff alleges that it was his trial transcripts and sentencing transcripts that were confiscated.  These transcripts existed at the time of his first appeal and are not new evidence.  Moreover, the Plaintiff has not

identified any newly discovered evidence[2] nor a new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. Therefore, there is no evidence before this Court that would establish that the alleged confiscation or destruction of the Plaintiff's legal materials impaired his ability to obtain authorization from the Third Circuit to file a second or successive §2255 motion.

### b.     Fourth Amendment

The Plaintiff relies on several cases arguing that prisoners have a very limited Fourth Amendment right to privacy in their cells.  However, the United States Supreme Court has concluded that a prisoner has "no legitimate expectation of privacy" in his cell. Hudson v. Palmer, 468 U.S. 517, 526 (1984).  Therefore, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of a prison cell." Id. at 526. In explaining its reasoning, the Supreme Court noted that prison officials must retain "[u]nfettered access" to inmate housing areas in order to maintain safety and security. Id. at 526-27. The Court continued by explaining that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order. Therefore, because Plaintiff had no legitimate expectation of privacy in his cell, Defendant did not violate his privacy when she searched his cell.

### c.     Sixth Amendment and Fourteenth Amendment

---

[2] In fact, Plaintiff alleges that he "received the newly discovered evidence from the Executive Office of United States attorneys [on March 5, 2004] stating 'after conducting a second search they were unable to locate the records responsive to your request.'" Case No. 15-1555 Document No. 00311901250, p.  7 (3rd Cir.).

The Plaintiff's "Claim B" asserts a violation of the Sixth and Fourteenth Amendment. However, the Plaintiff provides no argument for how these rights were violated. Therefore, the undersigned is unpersuaded by the mere assertion that these rights were violated.

### 3. The Plaintiff's "Claim C"—First and Sixth Amendments

The Plaintiff's "Claim C" is titled as a violation of the First and Sixth Amendments. However, the complaint does not address how these rights were violated. Furthermore, as addressed above, the Court finds that the Plaintiff's First Amendment rights were not violated. Moreover, the Court sees no conceivable Sixth Amendment violation.

Furthermore, despite being titled as a violation of the First and Sixth Amendments, this claim primarily asserts that the Defendant violated the Plaintiff's right to Due Process. The Plaintiff's assertion, however, is conclusory and does not explain how his Due Process rights were violated. The Court sees no arguable deprivation of Due Process. Indeed, as discussed above in Section 2, Part A, the Plaintiff identified no new evidence or rule of constitutional law that would justify granting his motion to file a second or successive § 2255 motion. Therefore, he asserts no basis for a motion pursuant to 28 U.S.C. § 2244, and accordingly, no claim for a Due Process violation.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. The Defendant's [ECF No. 48] be **GRANTED** to the extent it seeks a Motion to Dismiss; and be **DENIED AS MOOT** to the extent it seeks a Motion for Summary Judgment;

2. The Plaintiff's [ECF No. 1] Complaint **be DISMISSED**;

11

3. The Plaintiff's [ECF No. 63] Motion for Leave to Reply be **DENIED AS MOOT**.

Within fourteen days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket and provide a copy to counsel of record via electronic means.
DATED: July 11, 2017.

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE