IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**OMARI H. PATTON,**

    Plaintiff,

v.
                                        **CIVIL ACTION NO. 2:16-CV-10**
                                        **(BAILEY)**

**CRYSTAL KIMBLE,**

    Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 65]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on July 11, 2017, wherein he recommends this Court dismiss the plaintiff's ***Bivens*** Complaint with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  Plaintiff timely filed his Objections [Doc. 67] on July 27, 2017.  Accordingly, this Court will review the portions of the R&R to which the plaintiff objects under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

## Discussion

Plaintiff's Complaint alleges that the defendant, a housing officer at USP Hazelton, searched his cell and confiscated a binder containing some of his legal documents.  He alleges the next day, he verbally complained to Lieutenant Wiliams regarding the alleged search and confiscation.  Plaintiff alleges that upon hearing of this complaint, defendant again searched the plaintiff's cell and confiscated his sentencing transcripts and part of his trial transcripts.

Plaintiff alleges violations of his First, Fourth, Sixth and Fourteenth Amendment rights, and that by taking his sentencing and trial transcripts, his ability to access the courts has been significantly impaired.

Defendant argues that she documented both searches and the records reflect that no legal materials were ever confiscated.  Further, plaintiff filed an administrative complaint, which triggered an internal investigation. This investigation revealed that the searches only removed some nude photographs from plaintiff's cell.  In support of her motion to dismiss, the defendant asserts that the plaintiff has failed to establish that the defendant violated

any constitutional rights; therefore, she is immune from **Bivens** liability.

As noted in the R&R, even if the defendant did remove the alleged legal documents, the Complaint nevertheless fails to state a claim upon which relief can be granted. The R&R thoroughly outlines the law governing the plaintiff's alleged various constitutional violations. This Court finds no need to rehash the same here. This Court simply notes that it has conducted a *de novo* review of that law, and has come to the same conclusion that the R&R states in forming its opinion that no constitutional rights were violated.

In his Objections, the plaintiff first states that "[t]he Magistrate Judge decision conflicts with the facts of the case, and applies an incorrect legal standards in his decision making process." [Doc. 67 at 2]. This is simply inaccurate, and the Objection is **OVERRULED**.

Next, the plaintiff incorrectly argues that the Magistrate Judge should have concluded that he states a claim. In support of this assertion, the plaintiff again argues that the Complaint alleges that the defendant confiscated his legal documents in retaliation for making a verbal complaint. As the R&R noted, however, even if this claim were true, it nevertheless fails. The Fourth Circuit Court of Appeals has made it clear that a federal inmate's verbal complaints are not constitutionally protected and cannot support a retaliation claim. See **Daye v. Rubenstein**, 417 Fed.Appx. 317, 319 (4th Cir. 2011).

In response, the plaintiff cites **Crocker v. Wright**, 143 Fed.Appx. 523 (4th Cir. 2005), which plaintiff contends makes it clear that confiscating an inmate's letters to Congress was considered legal material and violated the First Amendment. That case involved legal mail, which is not at issue in this case. The Court noted that there are

special regulations governing the BOP which provide that prisoner correspondence with Congress is considered "special mail" that is subject to specific protections, including the requirement that it be reviewed only in the presence of the inmate. 28 C.F.R. §§ 540.2, .12 (2005). This is not relevant to this case. The law is clear that the plaintiff is not entitled to any relief. Accordingly, the plaintiff's Objections [Doc. 67] are **OVERRULED**.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 65]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The plaintiff's Objections **[Doc. 67]** are **OVERRULED**. Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment **[Doc. 48]** is **GRANTED** as to the **Motion to Dismiss** and **MOOT** as to the **Motion for Summary Judgment**. Accordingly, this Court **ORDERS** that the Complaint **[Doc. 1]** be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. The Motion for Leave to Reply **[Doc. 63]** is **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** July 27, 2017.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE