IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

SEP 4 2018

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

OMARI H. PATTON,
      Plaintiff,

v.

CRYSTAL KIMBLE,
      Defendant.

Case No. 2:16-cv-10-JPB-MJA
CA No. 17-7032

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION AND SUPPORTING MEMORANDUM TO STAY THE FIRST ORDER AND NOTICE REGARDING DISCOVERY AND SCHEDULING, AND PLAINTIFF'S NOTICE TO WITHDRAW MOTION FOR APPOINTMENT OF COUNSEL

Defendant Crystal Kimble, through counsel, has moved this Court in a motion filed on August 28, 2018 to "Stay the First Order and Notice Regarding Discovery and Scheduling." (ECF 96).

In this response motion, Plaintiff, Omari Patton, proceeding pro se, vehemently opposes the Defendant's August 28, 2018 motion (ECF 96) and respectfully urges the court to deny the Defendant's motion in its entirety and allow Plaintiff to proceed with conducting full discovery consistent with the order issued by the court on July 25, 2018 which commenced the discovery process. (ECF 94).

Plaintiff further asks to withdraw his motion for appointment of counsel (ECF 93) that is currently before the court, and in doing so, he now elects to continue litigating this matter pro se.

1

In support of this opposition motion and request to withdraw motion for appointment of counsel, Plaintiff states the following:

## I. Plaintiff's Opposition

Plaintiff vehemently opposes the Defendant's motion to stay discovery in this proceeding. (ECF 96). To begin with, the Defendant's motion is essentially a request to relitigate issues that have already been decided. As the Defendant rightfully observes in her reliance on United States v. Perez, 493 Fed. Appx. 432 (4th Cir. 2012), the remand issued by the Fourth Circuit limits further litigation of Plaintiff's complaint to Plaintiff's First Amendment retaliation claim. (*See* Attachment A, Copy of 4th Cir. Opin. at 3). And the remand, as the Defendant noted, is controlled by the "mandate rule," Perez, 493 Fed. Appx. at 434, which precludes "a second bite of the proverbial apple." (ECF 96, pg.2). However, it is apparent from a careful reading of the Defendant's motion that Defendant is attempting to accomplish precisely what she is asking this Court to prevent Plaintiff from doing—that is, to get "a second bite of the proverbial apple." (ECF 96, pg.2).

In deciding Perez, the Fourth Circuit applied the "mandate rule." Id. 493 Fed. Appx. at 434. In doing so, the Court explained that "[b]y limiting subsequent proceedings to only those issues falling within the scope of the appellate court's mandate, the rule ensures that litigants in remanded cases get only one bite at the apple, foreclosing 'relitigation of issues expressly or *impliedly* decided by the appellate court.'" Id. (emphasis added), *citing* United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

In Plaintiff's case, the Fourth Circuit outlined the standard that a prisoner must meet in order to state a First Amendment retaliation claim. (Attachment A, 4th Cir. Opin. at 3). The Court then went on to explain that this court, "in adopting the magistrate judge's recommendation, accepted *all* of the facts alleged by Patton in terms of the material seized pursuant to Kimble's second search

2

of his cell." Id. (emphasis added). The Court also explained that this court's "adopt[ion] [of] the legal conclusion that, given the facts as pled, Patton did not state a cognizable First Amendment retaliation claim because the antecedent activity—Patton's verbal complaint to Kimble's supervisor regarding the initial seizure of his legal binder—was not protected First Amendment speech" was "contrary" to its previous decision in Booker v. South Carolina Department of Corrections, 855 F.3d 533, 545 (4th Cir. 2017). In doing so, the Court found, consistent with its decision in Booker, that Plaintiff had "a clearly established First Amendment right 'to file a prison grievance free from retaliation,'" id., citing Booker, 855 F.3d at 545, and that his "verbal complaint to Kimble's supervisor regarding the initial seizure of his legal binder" constitutes a grievance that was also a protected First Amendment speech. Id. As noted, the Court relied on its previous decision in Booker in making these findings.

The Fourth Circuit also considered the Magistrate Judge's recommendation issued in this case, which this court adopted, in reaching the conclusions that it did. In particular, the Court impliedly considered the Magistrate Judge's recommendation that Defendant Kimble's motion for summary judgment be "denied" (R&R at 11) on the grounds that "genuine issues of material fact [exists as to] whether [] Defendant [Kimble] did, in fact, remove a legal binder and Plaintiff's trial and sentencing transcripts from his cell." (R&R at 7). This inference is buttressed by, (a) the Court's observation that this court adopted the Magistrate Judge's recommendation which recommended dismissal of Defendant's motion for summary judgment, and (b) the fact that the summary judgment aspect of the proceeding was not disturbed which the Court had the option of doing under plain error.

These considerations notwithstanding, the Defendant is now asking this court to stay discovery in this matter to allow her counsel, "in collaboration with the Federal Bureau of Prisons

("BOP")," to "prepar[e] a renewed dispositive motion to address Patton's complaint in light of *Booker*." (*See* ECF 96, pg. 2) (emphasis added). Defendant goes on to state that "[t]his dispositive motion *may* once again resolve this case in its entirely [sic] on purely legal grounds." Id (emphasis added). While it is unclear what the Defendant is asking for given the fact a determination has already been made that genuine issues of material fact exists, thus precluding another attempt at summary judgment—at least at this juncture, along with the fact that this court's adoption of the Magistrate Judge's legal conclusion was found to be in conflict with Booker by the Fourth Circuit, this present request made by the Defendant is tantamount to Defendant seeking a second "bit at the proverbial apple," (ECF, pg. 2), and if granted, will result in undue prejudice to Plaintiff. Here is why.

    This court rightfully issued an order on July 25, 2018 commencing discovery in this case because that is the next logical step in the legal procession of this case that is made available to Plaintiff to litigate his claim. The Defendant has already filed a dispositive motion in which she sought summary judgment and dismissal pursuant to Rule 12(b)(6). And the Magistrate Judge, after "thoroughly outlin[ing] the law governing [] Plaintiff's alleged various constitutional violations," (District Court Order Adopting R&R, pg.3), denied the Defendant's request for summary judgment on the basis that genuine issues of material fact exist. (R&R at 7, 11). But even though the Magistrate Judge recommended granting the Defendant's Rule 12(b)(6) motion which this court adopted, the Fourth Circuit, as we now know, subsequently overruled that ruling based on its decision in Booker. These events clearly established that Defendant was afforded ample opportunity to dispute Plaintiff's claim, which the Defendant took full advantage of. Yet the Defendant is now asking to relitigate a matter that has already been settled, and she is relying on Booker to do so—the very case that the Fourth Circuit relied upon in issuing its remand in this

4

case. How is that not seeking a second bite at the proverbial apple and not highly prejudicial to Plaintiff?

Plaintiff diligently and determinedly litigated his claim before this court and before the Fourth Circuit and was able to obtain a ruling in his favor. He is now entitled to proceed with discovery because he earned the opportunity to gather information and evidence to support his claim. Indeed, the reason why Plaintiff's First Amendment claim based on <u>Booker</u> was the only question before the Fourth Circuit was because all the other defenses raised by Defendant had already been settled. If that were not the case, then it was expected that the Defendant would have argued otherwise on appeal. The Defendant clearly did not.

The Fourth Circuit, relying on <u>Booker</u>, determined that Plaintiff properly stated a First Amendment retaliation claim. And as stated, the Court did not address the issue of disputed facts or commented on the propriety of this court's dismissal of the Defendant's summary judgment motion because the Court found no error there.[1] These dispositive events squarely repudiates the request being made by Defendant to file "a renewed dispositive motion to address Patton's complaint in light of <u>Booker</u>" (ECF 96, pg.2) because, as stated, the Fourth Circuit has already applied <u>Booker</u> to this case in arriving at the conclusion that it did. For those reasons, the Defendant's request is in complete violation of the mandate rule addressed in <u>Perez</u>, *supra*, and therefore should be summarily rejected. *See* <u>United States v. Bell</u>, 5 F.3d at 66 (4th Cir. 1993)

---

[1] It should also be noted that the Court found that Plaintiff's "other issues," namely, "that the district court erred as a matter of law in dismissing his claims that Kimble's actions violated due process and his right of access to the courts" were "not preserved for appellate review because [Plaintiff] did not specifically object to the magistrate judge's proposed disposition of those claims." (4th Cir. Opin. at 3-4). These issues were not decided on their merits. Instead, they were decided on procedural grounds. Therefore, should this court decide to allow the Defendant to file "a renewed dispositive motion to address [Plaintiff's] complaint in light of <u>Booker</u>" notwithstanding Plaintiff's argument to the contrary as illustrated above, then that opens the door for Plaintiff to seek a proper adjudication of his due process and access to court claims on their merits, and the mandate rule does not apply.

(foreclosing "relitigation of issues expressly or *impliedly* decided by the appellate court.") (emphasis added).

Also unique to the request that is being made by the Defendant is the fact it constitutes an unnecessary usurpation of the court's judicial resource while prolonging unnecessarily the disposition of this case. These are additional factors that the court should consider in deciding whether to grant the Defendant's motion to stay discovery.

With that being said, should the Defendant be allowed to file "a renewed dispositive motion to address Patton's complaint in light of Booker," (ECF 96, pg.2), what that will mean is that Plaintiff will be compelled to relitigate issues that have already been litigated and decided which, in essence, would be in violation of clearly established precedent, create an advantageous scenario for Defendant, and amounts to undue prejudice to Plaintiff. Instead, this court should find that discovery has appropriately been set in this case and that the Defendant has presented nothing compelling a suspension of Plaintiff's right to conduct discovery in order to obtain additional evidence and information in support of his claim. If at the conclusion of discovery Defendant see a need to renew her motion for summary judgment, there are provisions in the rules of civil procedure that allows her to do so. But as it stands, there is no basis in law or fact upon which to grant Defendant's August 28, 2018 motion to stay discovery in this case.

Therefore, in light of the foregoing, Plaintiff respectfully requests that the court deny the Defendant's August 28, 2018 motion (ECF 96) to stay discovery.

## II. Plaintiff's Request to Withdraw Motion for Appointment of Counsel

In a motion filed on July 16, 2018 (ECF 93), Plaintiff petitioned the court to appoint counsel to assist him in litigating his claim in this civil proceeding. That motion, as it stands, remains pending before the court.

Because Plaintiff was awaiting a response from the court on his appointment of counsel motion, he did not commence discovery following the court's order entered on July 25, 2018 and therefore does not have a report to file in accordance with Rule 26 of the Federal Rules of Civil Procedure on or before the August 31, 2018 deadline set by the court. Therefore, in light of Plaintiff's present request to withdraw his motion for appointment of counsel and proceed with representing himself in this civil matter, he now asks, respectfully, that the court extends the discovery deadline to include October 31, 2018 to account for the time-lapse that he spent waiting on a decision based on his appointment of counsel motion.

### III. Conclusion

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully urges the court to deny the Defendant's August 28, 2018 motion (ECF 96) to stay discovery in this civil matter, extend the discovery deadline to include October 31, 2018, and that the court comply with Plaintiff's request to withdraw his motion for appointment of counsel.

Respectfully submitted,

Dated: August 29, 2018.

*/s/ Omari Patton/*
Omari Patton, (Pro Se Plaintiff)
Federal Register No. 07410-068
FCI Fort Dix – West Side
P.O. Box 2000
Joint Base MDL, NJ 08640

# CERTIFICATE OF SERVICE

I hereby certify that on this 29 day of August 2018, a true and correct copy of the attached Plaintiff's Opposition to Defendant's Motion and Supporting Memorandum to Stay the First Order and Notice Regarding Discovery and Scheduling, and Plaintiff's Notice to Withdraw Motion for Appointment of Counsel was sent to the party listed below by way of First Class mail:

Tara Noel Tighe
Assistant US Attorney
Office of the United States Attorney
P.O. Box 591
1125 Chapline Street
Wheeling, WV 26003-0000

/s/ *Omari Patton*
Omari H. Patton (Pro Se Plaintiff)
Register No. 07410-068
FCI Fort Dix – West Side
P.O. Box 2000
Joint Base MDL, NJ 08640